IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Easkon Shakeif Walker, ) | Case No.: 8:23-cv-05278-JD-WSB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| L. Cpl. Chau, Ofc. Hoskins, Lt. ) | |
| Eden, Pfc. Watford, and Ofc. Moss, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 101.) Plaintiff Easkon Shakeif Walker ("Plaintiff" or "Walker"), a former pretrial detainee proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983, alleging Defendants D L. Cpl. Chau ("Chau"), Ofc. Hoskins ("Hoskins"), Lt. Eden ("Eden"), Pfc. Watford ("Watford"), and Ofc. Moss ("Moss) (collectively "Defendants") violated his Fourteenth Amendment constitutional rights.

At all times relevant to Plaintiff's claims, he was a pretrial detainee at the J. Reuben Long Detention Center (the "Detention Center"). (DE 51 at 3.) Plaintiff's claims stem from an assault that occurred on November 3, 2021. (*Id*. at 8.) Plaintiff

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

contends his cellmate was a "bully," and Plaintiff told the cellmate to mind his own business. (*Id.*) The cellmate became belligerent and threatened Plaintiff. (*Id.*) Plaintiff called out for officers. (*Id.*) Defendant Hoskins approached the cell and Plaintiff told him that "he wanted to be removed to another cell because he's being threatened by cellmate (assailant)." (*Id.*) Plaintiff alleges Hoskins denied the request and said, "wait for you to go to regular population to change cells." (*Id.*) Plaintiff alleges that after Hoskins left:

> Cellmate (assailant) started calling the Plaintiff a snitch and threw a yellow or orange chair at the Plaintiff. The chair missed the Plaintiff, then he (assailant) grabbed the other chair and charged at Plaintiff, pinning Plaintiff in the corner with the chair. The Plaintiff was trying to push his ex-cellmate (assailant) off him, and that is when Plaintiff felt a [prong] stick in him feeling an electrical shock while being choked. As Plaintiff is being choked and tased at the same time, LCpl. Chau yelled to cellmate (assailant) to stop choking him, LCpl. Chau later tased cellmate (assailant). Plaintiff fell in between the bunk beds, Plaintiff tried to catch himself as he fell using his left hand and that is when he landed on his hand and heard a tearing sound in his shoulder.

(*Id.* at 8-9.)

After being evaluated, Plaintiff was put in a cell by himself pursuant to Detention Center policy requiring administrative segregation after being charged with two disciplinary violations stemming from the altercation. (DE 51 at 9; 74-4 at ¶ 29.) During the transfer to this cell, Plaintiff alleges he requested grievances from Defendants Eden and Moss and Ofc. Watson, but claimed they denied him one because he was going into segregation and told him to speak to a hearing examiner about his concerns. (DE 51 at 9.) Plaintiff alleges he could not sleep due to pain, repeatedly banged on the door to get anyone's attention, and was routinely denied

grievances. (*Id.* at 9-10.) Plaintiff alleges this cycle continued for approximately 7 days. (*Id.*)

On November 9, 2021, Plaintiff was transported to Conway Hospital for an outside consult. (DE 51 at 10.) Doctors at the hospital concluded Plaintiff had a dislocated shoulder and greater tuberosity fracture that needed surgery. (*Id.*) Plaintiff underwent surgery the same day. (*Id.*) The day after the surgery, Plaintiff was escorted back to the Detention Center and released. (*Id.*, DE 74-20.)

Before the Court is Plaintiff's Motion for Summary Judgment. (DE 73.) Defendants responded in opposition on August 1, 2024. (DE 73, 79.) On July 19, 2024, Defendants filed a Motion for Summary Judgment. (DE 74.) On July 22, 2024, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of the motion and of the need to file an adequate response by August 22, 2024. (DE 76.) On August 23, 2024, Plaintiff filed a Response in opposition, and Defendants filed a Reply on September 6, 2024. (DE 94.) On September 4, 2024, Plaintiff filed a Sur-Reply. (DE 99.)

The Report was issued on November 5, 2024, recommending that Plaintiff's Motion for Summary Judgment be denied and Defendants' Motion for Summary Judgment be granted. (DE 101.) Plaintiff did not object to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 101 ) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Motion for Summary Judgment is denied, and Defendants' Motion for Summary Judgment is granted.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 7, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4